IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

MOISES AYALA LOPEZ,

Defendant.

Case No. 1:26-MJ-197

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Marfak Campbell, being duly sworn, depose and state:

1.      I am an Officer with the United States Park Police ("USPP") in Washington, D.C. I have been employed with USPP since March 2000. During that time, I received specialized training and conducted numerous investigations relating to violations of the Code of Federal Regulations (C.F.R.) and the Code of the District of Columbia (D.C. Code). From 2005-2007, I was a Drug Recognition Expert and have been involved in multiple investigations and arrests involving controlled substances, including methamphetamine and methods of ingestion. In 2016, I was promoted to Sergeant, during which I supervised and field trained other officers. In 2021, I retired and was rehired as an annuitant in December 2025.

2.      This affidavit is submitted in support of a criminal complaint charging the defendant, MOISES AYALA LOPEZ ("AYALA LOPEZ"), with a violation of Title 21, United States Code, Section 844(a).

3.      The facts and information contained in this affidavit are based upon the observations of other law enforcement officers involved in this investigation. This affidavit

1

contains information necessary to support probable cause, but it is not intended to include every fact and matter observed by me or known to the United States.

## STATUTES CHARGED

4.    Title 21 of the U.S. Code, Section 844(a), states, in part, "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II… Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both… ." Title 21 of the U.S. Code, Section 802(6), states, "[t]he term 'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter."

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

5.    On or about June 1, 2026, at approximately 2038 hours, USPP officers were conducting traffic enforcement on the median of the George Washington Memorial Parkway (the "Parkway") near the exit to Route 123 in Fairfax County, Virginia, an area that is located within the special maritime and territorial jurisdiction of the United States, and in the Eastern District of Virginia. A USPP officer observed a vehicle driving without license plates on the Parkway and initiated a stop for a violation of Code of Virginia § 46.2-711, as adopted under 36 C.F.R. § 4.2. The driver, who was later identified as Moises Miguel Angel Ayala Lopez by a Virginia Identification Card, told officers that he did not have a driver's license, proof of registration, or proof of insurance. A records check at the scene confirmed that AYALA LOPEZ's license was

2

suspended and that the vehicle was not registered. Subsequently, the defendant was placed under arrest.

6.      During a search incident, officers recovered a small tan container from the defendant's right front pants pocket. The container, when opened, revealed a crystalline substance similar in appearance to methamphetamine. When the defendant was asked as to the identity of the substance, AYALA LOPEZ replied that the substance was methamphetamine. A search of the vehicle prior to towing revealed a small rectangular zipped object that contained 5 pills of different colors (2 red, 2 blue, and 1 black). Inside the glove compartment, officers recovered what appeared to be a used syringe with an amount of red liquid and a crystalline substance. In addition, officers retrieved from within the driver's side door a glass pipe atop a zip lock bag that also contained a crystalline substance. Based on this officer's knowledge, training, and experience, individuals can use glass pipes to smoke methamphetamine.

7.      Officers subsequently utilized presumptive field test kits to test the substances from both packages containing crystalline material. The crystalline material from the container recovered from the defendant's pocket yielded a presumptive positive result for methamphetamine. The crystalline material from the ziplock bag recovered from the vehicle yielded a presumptive positive result for both fentanyl and methamphetamine. I am aware that Methamphetamine is listed as a Schedule II controlled substance under 21 U.S.C. § 812.

## CONCLUSION

8.      I respectfully submit that the foregoing facts in this affidavit demonstrate probable cause to believe that, on or about June 1, 2026, within the special maritime and territorial jurisdiction of the United States, in the Eastern District of Virginia, AYALA LOPEZ violated 18 U.S.C. § 844(a).

Respectfully submitted,

Marfak Campbell
Officer
U.S. Park Police

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on June 2, 2026.

Digitally signed by Ivan Davis
Date: 2026.06.02 13:54:01 -04'00'

The Honorable Ivan D. Davis
United States Magistrate Judge
Alexandria, Virginia

4